# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE MORSHEISER FAMILY REVOCABLE LIVING TRUST, | ) ) Case No. 5:12 CV 1734 |
| Plaintiff, | ) ) ) Judge Dan Aaron Polster |
| vs. | ) ) |
| ANSHUTZ EXPLORATION CORP. et al., | ) OPINION AND ORDER ) ) |
| Defendants. | ) |

This contract dispute concerns an oil-and-gas lease between Plaintiff, The Morsheiser Family Revocable Living Trust, and Defendants, Anshutz Exploration Corporation and Chesapeake Exploration, LLC. The case was commenced in state court and then removed here. Now before the Court is Defendant Anshutz's 12(b)(6) motion to dismiss (Doc. # 6) Plaintiff's complaint (Doc. # 1). Also before the Court is a motion to strike (Doc. # 9) Plaintiff's First Amended Complaint (Doc. # 7).

Before turning to the motion to dismiss, however, the Court must first address the status of Plaintiff's Amended Complaint and Defendants' motion to strike it. A recitation of the case's short procedural history is necessary. Defendants removed this case on July 5, 2012. Defendant Chesapeake filed an answer on July 12. Defendant Anshutz filed the instant 12(b)(6) motion on August 6. Plaintiff filed its Amended Complaint on August 17.

Defendants think Plaintiff's Amended Complaint is a legal nullity because Plaintiff had

neither the right nor leave of this Court to amend. See Fed. R. Civ. P 15(a). Defendants are incorrect. Plaintiff did have the right to amend its complaint.

Fed. R. Civ. P. 15(a) permits parties to amend as a matter of course a pleading to which a responsive pleading is required (*e.g.*, a complaint) within 21 days after service of the responsive pleading (*e.g.*, an answer) or a motion under Fed. R. Civ. P. 12(b), (e), or (f). In this case, Plaintiff filed its amended pleading more than 21 days after Defendant Chesapeake served its responsive pleading (*i.e.*, its answer) but within 21 days after Defendant Anshutz filed the instant 12(b)(6) motion. Moreover, Defendant Anshutz has not filed a responsive pleading. Plaintiff therefore had a right to amend its claims, *but only as to Defendant Anshutz*. See Dewald v. Clinton, 2010 U.S. Dist. LEXIS 19762 ( E.D. Mich. Mar. 4, 2010) (citing Williams v. Bd of Regents of Univ. Sys. of Georgia, 477 F.3d 1282, 1291 (11th Cir. 2007)) ("Where there are multiple defendants in an action, and not all have filed responsive pleadings, courts have interpreted Rule 15(a) as allowing a plaintiff to amend the complaint as a matter of course with regard to those defendants that have yet to respond."); see also 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 1481 (3d ed. 2010) (observing that when an "amendment affects all defendants or one or more of those that have not responded...it generally was held...[that a] plaintiff could amend the complaint as of course with regard to those defendants that had not answered"). Plaintiff's Amended Complaint is valid with regard to Defendant Anshutz.

Since an amended complaint supersedes the original complaint and renders it of no legal effect, Plaintiff's Amended Complaint supersedes the original complaint, but, again, only as it pertains to Defendant Anshutz; the original complaint survives and applies to Defendant

Chesapeake. Defendant Anshutz's motion to dismiss (**Doc. # 6**) the original complaint is therefore denied as moot.

All that being said, on August 31, Defendant Anshutz filed a new motion (Doc. # 11), this time to dismiss the First Amended Complaint. Accordingly, the Court will give Plaintiff an opportunity to respond: Plaintiff has until 4 p.m. on Friday, October 12, to file a response. Defendant Anshutz must reply by 4 p.m. on Friday, October 19.

Defendants' motion to strike (**Doc. # 9**) is denied.

**IT IS SO ORDERED.**

                                             */s/ Dan A. Polster 10/1/12*
                                             **Dan Aaron Polster**
                                             **United States District Judge**