UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE MORSHEISER FAMILY REVOCABLE LIVING TRUST, ) | Case No. 5:12 CV 1734 |
| Plaintiff, ) ) | Judge Dan Aaron Polster |
| vs. ) ) | |
| ANSCHUTZ EXPLORATION CORP. ) et al., ) | **OPINION AND ORDER** |
| Defendants. ) | |

This contract dispute, which arises out of a mineral-rights lease on Plaintiff's land in Carroll County, was commenced in state court and then removed here. Now before the Court is Defendant Anschutz Exploration Corporation's 12(b)(6) motion to dismiss (Doc. # 11) the Amended Complaint (Doc. # 7).

I. Background

Plaintiff, The Morsheiser Family Revocable Living Trust, Dated December 17th, 1997, owns more than 250 acres of land in Carroll County, Ohio. Over two years ago, Plaintiff, through its trustees, Russell and Phyllis Morsheiser, signed an oil-and-gas lease with Defendant Anschutz Exploration Corporation. Anschutz used one Berri W. Pavia to solicit and negotiate the lease. Anschutz subsequently assigned the lease to Defendant Chesapeake Exploration, LLC.

II. Standard of review

To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

III. Plaintiff's Claims

    A. Reformation

Plaintiff asserts a claim for reformation and asks the Court to rewrite the paragraph on royalty payments, which explains the amount Plaintiff will receive for the oil or gas extracted from the land. Plaintiff wants the paragraph rewritten because it is vague: "it lacks any measurement of what oil and gas is removed from the Leasehold such that the oil and gas company could then take these substances without any instant accounting of how much has been removed." (Doc. # 7 at 3). The paragraph is also, according to Plaintiff, arbitrary: because it does not require the oil-and-gas company to market oil and gas at any price, it gives the company "the discretion to sell Oil and gas in any oil market even if the oil market is depressed in price and the Lessee would make less." (Id. at 4).

Reformation is the remedy by which a written instrument is changed to conform to the parties' true original agreement. Castle v. Daniels, 16 Ohio App. 3d 209, 212 (Ohio Ct. App. 1984) (citing RESTATEMENT (SECOND) OF CONTRACTS § 155 cmt. a (1981)). Because Plaintiff has not alleged the writing fails to evince the original intent of the parties, there is no viable claim for reformation. The claim must be dismissed.

    B. Nullification of Lease

Plaintiff asks this Court to nullify the contract and declare it contrary to public policy on the grounds that the lease was solicited by an unlicensed real estate broker, Berri Pavia. Chapter 4735 of the Ohio Revised Code, which regulates the real estate profession, requires a person who "offers, attempts, or agrees to engage in" a real estate transaction, including a lease agreement, to be a licensed real estate broker. OHIO REV. CODE ANN. § 4735.01(H) (LexisNexis 2012); see

also OHIO REV. CODE ANN. § 4735.02 (requiring a person who acts as a real estate broker to be licensed as one). Plaintiff argues that a person "who is not an Ohio Real Estate salesperson or broker does not provide to the public the protections, continuing legal education, supervision and licensing of the Ohio regulated system for negotiating the sale of real estate." (Doc. # 14 at 6).

But the proper remedy for failure to obtain a real estate license is to deprive the broker of his right to be compensated for his services, *i.e.*, to receive a commission or broker's fee. Section 4735.21 of the Ohio Revised Code provides that "No right of action shall accrue to any person...for the collection of compensation for the performance of the acts mentioned in section 4735.01 of the Revised Code, without alleging and proving that such person...was licensed as a real estate broker." The remedy does not apply against an entity that uses an unlicensed broker in negotiating a real-estate contract. This conforms with the common-law rule: "If a party is prohibited from doing an act because of his failure to comply with a licensing...requirement, a promise in consideration of his doing that act or of his promise to do it is unenforceable on grounds of public policy...." RESTATEMENT (SECOND) OF CONTRACTS § 181.

If there is any promise that is unenforceable here, it is the promise to pay a broker's fee to Pavia. The agreement between Plaintiff and Defendants is thus unaffected by the licensing statute and the complementary common-law principle. Accordingly, the claim must be dismissed.

C. Unconscionability

Plaintiff argues the lease is unconscionable. Unconscionability involves two elements: an absence of meaningful choice by one party and contract terms that unreasonably favor the other party. Taylor Bldg. Corp. of Am. v. Benfield, 117 Ohio St. 3d 352, 358 (2008). The party asserting unconscionability must allege and prove the agreement is both procedurally and substantively unconscionable. Id. at 359. Procedural unconscionability evaluates whether the circumstances of the transaction prevented a voluntary meeting of the minds. Dorsey v. Contemporary Obstetrics & Gynecology, 113 Ohio App. 3d 75, 80 (Ohio Ct. App. 1996).

Substantive unconscionability considers whether the contract terms are unfair and unreasonable. Id.

In support of the procedural prong, Plaintiff alleges Russell Morsheiser, one of the trustees who signed the lease, cannot read or write, has only a fourth-grade education, and was, at the time of the transaction, both elderly (aged 76) and afflicted with a medical condition that prevented him from understanding the terms of the lease. His fellow trustee, Phyllis Morsheiser, who also signed the lease, has a low level of education and also, it is alleged, did not understand the contract terms. The trustees were not represented by counsel when they signed the lease.

As to the substantive prong, Plaintiff alleges the royalty-payment provision—which entitles Plaintiff to fourteen percent of the proceeds from the sale of oil and gas extracted from the land—unreasonably favors Defendants for several reasons. The provision "lacks any measurement of what oil and gas is removed from the [land] such that the oil and gas company could then take these substances without any instant accounting of how much has been removed." (Doc. # 7 at 3). The provision does not require "the oil and gas company to market oil and gas at any price, or at any location at which the price might be higher." (Id.). And the provision "does not provide any date after production or any date after marketing at which the oil or gas has to be paid to" Plaintiff. (Id. at 4).

These factual allegations are adequate to satisfy the procedural and substantive prongs of an unconscionability claim and pass the 12(b)(6) plausibility threshold. Accordingly, the Court will deny the motion as to this claim.

D.   Judicial Ascertainment Clause

Plaintiff asks the Court to declare one of the paragraphs in the lease, the "judicial ascertainment clause," void as against Ohio public policy. The clause states:

> [T]his Lease shall never be forfeited or cancelled for Lessee's failure to perform, in whole or in part, any of its implied covenants, conditions or stipulations, including payment of any rentals or royalties due under this Lease, until it shall have been first finally judicially determined that such failure exists, by a final order of a court of competent jurisdiction and after such final determination, Lessee is given a reasonable time therefrom to comply with any such covenants,

conditions or stipulations.

(Doc. # 7 at 2-3).

Plaintiff cites a case in clear support of the proposition that judicial ascertainment clauses are void as against Ohio public policy. Conny Farms, Ltd. v. Ball Resources, Inc., 2011 WL 5053625, at *5 (Ohio Ct. App. Sep. 27, 2011).  Defendant Anschutz does not refute that case. Instead it argues that the claim does not present a real, justiciable controversy between the parties because Plaintiff has not alleged any failure to perform the lease: "Without such alleged failure...no real controversy or justiciable issue exists."  (Doc. # 11 at 8).

Defendant is incorrect.  Breach is not a prerequisite to relief under the Declaratory Judgments chapter of the Ohio Revised Code.  Indeed, any person may seek a declaration of rights under a contract for "any question of construction or validity arising under [the contract], " OHIO REV. CODE ANN. § 2721.03, and the contract may be construed by a declaratory judgment *either before or after there has been a breach*.  OHIO REV. CODE ANN. § 2721.04 (emphasis added). Defendant's motion to dismiss this claim must therefore be denied.

IV.    Assignment of Lease

Defendant argues that any dispute over the lease agreement is between Plaintiff and the current lessee, Defendant Chesapeake, and not Defendant Anschutz, for Anschutz previously assigned the contract to Chesapeake.

To the contrary, when an original party transfers its contractual duties to a third party, the original party remains liable on the contract.  18 OH JUR. 3D *Contracts* § 251 (2012).  Only a novation will extinguish the original party's contractual liability.  Id.  A novation requires the assent of both parties to the original contract.  Id.; see also RESTATEMENT (SECOND) OF CONTRACTS § 318 (3) ("Unless the obligee agrees otherwise, neither delegation of performance nor a contract to assume the duty made with the obligor by the person delegated discharges any duty or liability of the delegating obligor.").

There is no allegation that Plaintiff assented to the assignment.  Accordingly, Defendant

-5-

Anschutz remains bound by the contract and cannot escape liability.

V.      Conclusion

The motion to dismiss (Doc. # 11) is denied in part and granted in part.

**IT IS SO ORDERED.**

            <u>*/s/ Dan A. Polster 10/31/12*</u>
            **Dan Aaron Polster**
            **United States District Judge**